UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEBRONZE PIERRE SEAMON,

        Petitioner,                     Case Number 20-12742
                                                  Honorable David M. Lawson

v.

JOHN CHRISTIANSEN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Lebronze Pierre Seamon pleaded guilty in state court to two counts of possession with intent to deliver less than 50 grams of narcotics. He was sentenced to two consecutive prison terms of 3.5 to 20 years. In this habeas corpus petition, filed under 28 U.S.C. § 2254, Seamon alleges that his consecutive sentences violate the Eighth Amendment's ban on cruel and unusual punishment. But the sentences are within the statutory limits and otherwise are not disproportionate. The petition will be denied.

I.

According to the Michigan Court of Appeals, which summarized the facts of the case in its opinion on direct appeal, Seamon furnished about half a gram of heroin to Derrek Hale and Molly Matthews at Hale's apartment in Traverse City, Michigan in May 2017. He gave cocaine to Michael Hertler, also in the apartment, and sold him some heroin later that day. Hale, a chronic intravenous drug user, injected the heroin and lost consciousness. Hertler was able to revive him after calling 911 and administering Narcan. *People v. Seamon*, No. 344069, 2019 WL 2305892, at *1 (Mich. Ct. App. May 30, 2019).

Meanwhile, Seamon left with Matthews and went to her house. He said that Matthews began "acting strangely, became jittery, and started 'freaking out.'" *Ibid.* She left on foot and would not respond to Seamon's calls to come back. Later that day, a homeowner found her dead on the back porch of his house. The "cause of death was mixed drug intoxication, and she tested positive for amphetamines, methamphetamine, cocaine metabolite, fentanyl, morphine, and alprazolam metabolite." *Ibid.*

Seamon was charged as a fourth habitual offender with five drug trafficking counts and pleaded guilty to two of them: violations of Michigan Compiled Laws § 333.7401(2)(a)(iv), which authorizes punishment for up to 20 years in prison. Consistent with his plea agreement, he was sentenced as a second habitual offender to consecutive 3.5-to-20-year prison terms. He challenged his sentences on direct appeal, without success. *Seamon*, 2019 WL 2305892, *appeal denied*, 504 Mich. 973, 933 N.W.2d 288 (2019).

Seamon then filed the pending habeas corpus petition in which he that the trial court unreasonably imposed consecutive sentences, which resulted in disproportionate sentences.

II.

When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); *see also Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court's adjudication on a federal issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

In his single claim for relief, Seamon contends that his consecutive sentences violated the Eighth Amendment because they were disproportionately severe. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). When reviewing Eighth Amendment proportionality claims, federal courts afford "substantial deference" to the legislatures in determining the appropriate punishments for crimes. *Solem*, 463 U.S. at 290. The Sixth Circuit

has recognized that "'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).

The Michigan Court of Appeals held that Seamon's consecutive sentences were not out of line with the offenses and Seamon's background. *Seamon*, 2019 WL 2305892, at *3. The minimum term of both sentences fell within the state's sentencing guidelines, and the court believed that making them cumulative did not amount to an abuse of discretion. In the court's view, numerous factors justified the sentences including, Seamon's history of dealing and selling drugs, his numerous prior drug-related convictions, that he was on parole from a conviction of delivering heroin at the time of these offenses, and that he had pending charges in another county involving delivery of cocaine and heroin. *Ibid.*

The Supreme Court has held that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and that successful challenges to the proportionality of particular sentences should be exceedingly rare." *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (quotation marks and citations omitted). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)); *see also United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995) ("[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'").

Seamon's 20-year-maximum sentences on each count are well below the 30 years he faced as a habitual offender. *See* Mich. Comp. Laws §§ 333.7401(2)(a)(iv); 769.10(1)(a). The sentences also are supported by his extensive criminal history cited by the state court. Moreover, the

Michigan legislature authorized consecutive sentences for controlled substance offenses of this type.  Mich. Comp. Laws § 333.7401(3).  Nothing in the record would support a finding that this is the "exceedingly rare" case where a sentence within prescribed statutory maximums violates the proportionality principle.  *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).  The state court did not unreasonably apply clearly established federal law when it denied Seamon's proportionality claim.

Seamon also criticizes the trial court's failure to "put a proportionality analysis on the record."  Pet. at 5, ECF No. 1, PageID.5.  The Michigan Court of Appeals found adequate the trial court's on-the-record reasoning.  And in any event, there is no Supreme Court precedent that requires state sentencing courts to articulate their sentencing rationale on the record.  That is a requirement of state law, and a sensible one at that.  But state law claims will not support the issuance of the writ of habeas corpus under 28 U.S.C. § 2254.  *Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020) (holding section 2254(a)'s "phrase 'in violation of the Constitution or laws or treaties of the United States' has an equally straightforward meaning.  A petitioner must claim that his custody violates federal law, not state law, not some other source of law."  (citing *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam)).

### III.

The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                                      s/David M. Lawson  
                                                      DAVID M. LAWSON  
                                                      United States District Judge

Dated:  November 25, 2020